UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM MARTIN ARDENE DECORY,<br><br>Plaintiff,<br><br>vs.<br><br>REGIONAL HEALTH HOSPITAL, also known as Monument Health Hospital,<br><br>Defendant. | 5:23-CV-05062-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, a state court pretrial detainee at the Pennington County, South Dakota, jail, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is unable to pay an initial filing fee.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim.

Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

## DECISION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). I am required to liberally construe plaintiff's pro se complaint. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Even though plaintiff is proceeding pro se, he is still required to state each allegation in a simple, concise, and direct manner. Fed. R. Civ. P. 8(d)(1).

Plaintiff alleges that, on November 17, 2020, he was admitted into the Regional Health Hospital, was assaulted, chained to the bed, falsely imprisoned, threatened, and subjected to a sexual assault in the nature of an "illegal search and seizure of my blood without probable cause." He seeks damages in the amount of $3 million.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Plaintiff has not alleged that his claims arise under a federal statute, the United States Constitution, or any treaty of the United States as required for "federal question" jurisdiction under 28 U.S.C. § 1331. He has further not alleged that he resides in a different state than the defendant as required for "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332. There is no discernable basis for federal jurisdiction in the complaint.

Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff's complaint must include a short and plain statement of the claim showing that he is entitled to relief. Plaintiff's complaint, even liberally construed, fails to state a claim upon which relief can be granted.

Plaintiff has filed a motion for a search warrant issued to any law enforcement officer to search the defendant's premises for property that constituted evidence of the commission of a criminal offense, contraband, evidence concerning a now closed federal civil rights action, an appeal to the Eighth Circuit that he filed in that closed case, and recorded camera and audio evidence. Plaintiff's motion is frivolous. Plaintiff has shown no right to the relief he requests.

### ORDER

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's application, Doc. 2, to proceed without the prepayment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

4. Plaintiff's motion, Doc. 4, for a search warrant is denied.

5. Plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal constitutes a third strike pursuant to 28 U.S.C. § 1915(g).

DATED this 22nd day of March, 2024.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge